IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN MALARKEY | : | |
| | : | Jury Trial Demanded |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | 09-cv-03278-LS |
| THE READING HOSPITAL AND | : | |
| MEDICAL CENTER | : | |
| Defendant. | : | |

**PLAINTIFF MARILYN MALARKEY'S
OBJECTIONS TO DEFENDANT'S BILL OF COSTS**

Plaintiff Marilyn Malarkey, by and through her undersigned counsel, hereby objects to Defendant's Bill of Costs. Defendant's Bill of Costs should be denied because:

(1) they have failed to satisfy their burden to prove the necessity of the exorbitant costs;

(2) issuance of the Bill would impose a significant and inequitable hardship on Plaintiff.

**I.   INTRODUCTION**

This is an action under both Rule 54(d)(1) of the Federal Rules of Civil Procedure and U.S.C. 28 § 1920 regarding a Bill of Costs. On July 23, 2009, Plaintiff Marilyn Malarkey filed a complaint under the Age Discrimination in Employment Act of 1967 (ADEA), 81 Stat. 602, as amended, 29 U. S. C. § 621 et seq. and the Pennsylvania Human Relations Act 43 P. S. § § 951-963 to correct unlawful employment practices committed by Defendant Reading Hospital and Medical Center. On November 19, 2010, the Honorable Lawrence Stengle granted Summary

1

Judgment on behalf of Defendant, dismissing Plaintiff's claims.  Defendant subsequently filed a Bill of Costs on December 20, 2010.

**II.    OBJECTIONS**

1.      Videotape of Plaintiff's Deposition (Exhibit A):         $ 833.98

- Objection for the cost of the videotaping the deposition of Plaintiff.  Rule 30(3)(a) of the Federal Rules of Civil Procedure permits the recording of depositions by "audio, audiovideo **or** stenographic means."  The Rule specifically states "or" not "and."  As such, the video cost is outside of the anticipated costs of the Rule, since there was also a stenographer present.  As such the videotape recording is not "necessary" under the Rule.

2.      Transcript of Plaintiff's Deposition (Exhibit B):         $ 854.10

- Objection to the cost as there is no evidence that this is the amount that was paid.  Only a bill is attached.

3.      Photocopying  (Exhibits E, C, D, F, G, I, J)         $ 496.80
- Objection to all of these costs.  The is no specification as to what the copies were of and what they were for.  As such, Defendant cannot show that these copies were "necessarily obtained" for use in this case.

4.      Lexis Research      (Exhibit C)         $ 54.70
- Objection to these costs.  There is no specification for research costs under the Rule and this is more akin to attorneys fees than to costs.

5.      Fax Costs           (Exhibit C, D, F, J)         $ 3.25
- Objection to these costs.  The Rule does not provide for telecommunication costs.

6.      Postage Costs       (Exhibits C, D, F, G, H)         $ 31.87
- Objection to these costs.  The Rule does not provide for postage costs.  Furthermore, there is no specification as to what was sent to whom.

**III.   LEGAL ARGUMENT**

Pursuant to Rule 54(d)(1) as further defined under U.S.C. 28 § 1920, allowable costs are as follows:

" A judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title and; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

U.S.C. 28 § 1920.

Under 28 U.S.C. § 1920, a federal court may tax only those court costs explicitly set forth in the statute. *In Re Paoli RR Yard PCB Litigation*, 221 F. 3d 449 (2000). In addition, the court has discretionary authority over all costs. The Third Circuit Court of Appeals states:

"The emphasized phrase 'unless the court otherwise directs [Fed. R. Civ. P. 54 (d)]" makes the allowance of costs discretionary and thus adopts the practice formerly followed in courts of equity rather than at law."

*Id.*

Section 1920 is phrased permissively because Fed. R. Civ. P. 54 (d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party. *Id*. The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *Id*. In this case, Defendants have not only failed to prove the necessity of its requested costs, an award of such costs would impose a substantial hardship on Plaintiff.

Of the approximately $2,547.00 in costs sought by Defendant, over $830.00 of that amount is attributable to payment for a videotape deposition, which Defendant asserts falls under the Section 1920 category of "Fees of the Court Reporter for all or any part of the Transcript necessarily obtained for use in the case." *See* Defendant's Bill of Costs, attached hereto and

incorporated herein as Exhibit "A." But, Defendants provide absolutely no explanation as to why this superfluous videotape deposition is necessary. Plaintiff Marilyn Malarkey was deposed only once, on May 19, 2010. It was not necessary for Defendant to conduct a videotape deposition in addition to using a standard court reporting service. Furthermore, FRCP 30(b)(3)(A), states that there may be only *one* for of recording. This is the transcript. The video cost was one voluntarily assumed by Defendant, and is completely unnecessary to the case. FRCP 30(b)(3)(B).

Defendant also attempts to recoup approximately $55.00 in costs for legal research under the heading "Other Costs." See Exhibit "A." Cost for legal research fall outside the scope of U.S.C. 28 § 1920 and constitute attorney's fees. Recoverable costs "do not include such litigation expenses as attorney's fees." *Friedman v. Ganassi*, 853 F.2d 207 (3rd Cir. 1988). Defendant's attempts to collect costs for legal reserach are clearly outside the scope of the law and should be disallowed by this Honorable Court.

More importantly, and regardless of the proof provided by Defendants in this case, it would constitute an enormous hardship on Plaintiff to impose over $2,500.00 in costs on Plaintiff. Plaintiff belongs to a working class family and has struggled since being terminated by Defendant. The amount sought in costs by Defendant Reading Hospital and Medical Center, which is a large hospital with profits in the millions of dollars, would significantly cut into Plaintiff's ability to pay her month-to-month financial obligations. Thus, Plaintiff requests that the Court exercise its discretion to refrain from the imposition of costs in this case.

### III. CONCLUSION

Therefore it is clear that Defendants have failed to satisfy their burden to prove the

necessity of the exorbitant costs and issuance of the Bill would impose a significant and inequitable hardship on Plaintiff.  As such Plaintiff Marilyn Malarkey, by and through her undersigned counsel, respectfully requests this Honorable Court to DENY Defendant's Bill of Costs.

                                                 Respectfully submitted,

                                                 s// Edith A. Pearce
                                                 Edith A. Pearce, Esquire
                                                 Attorney for Plaintiffs
                                                 The Pearce Law Firm
                                                 1429 Walnut Street, 14th Floor
                                                 Philadelphia, PA 19102
                                                 (215) 557-8686

DATED: January 4, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARILYN MALARKEY | : | |
| --- | --- | --- |
| | : | Jury Trial Demanded |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | 09-cv-03278-LS |
| THE READING HOSPITAL AND MEDICAL CENTER | : | |
| | : | |
| Defendant. | : | |

### CERTIFICATION OF SERVICE

    I, Edith A. Pearce, Esquire, attorney for Plaintiff, hereby state that on this date the original of Plaintiff's Objections to Defendant The Reading Hospital and Medical Center's Bill of Costs was filed with the Court, and a copy was served via fax and regular mail upon the below noted counsel:

Vincent Candiello, Esquire
Post and Schell
17 North Second Street, 12th Floor
Harrisburg, PA 197101

                                                    s// Edith A. Pearce
                                                  Edith A. Pearce, Esquire
                                                  Attorney for Plaintiffs
                                                  The Pearce Law Firm
                                                  1429 Walnut Street, 14th Floor
                                                  Philadelphia, PA 19102
                                                  (215) 557-8686

DATED: January 4, 2010