UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARILYN MALARKEY, : | |
|                Plaintiff : | Civil Action No. 5:09-cv-03278-LS |
| : | |
|      v. : | |
| : | (Hon. Lawrence F. Stengel) |
| THE READING HOSPITAL AND : | |
| MEDICAL CENTER, : | |
|                Defendant : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS
TO DEFENDANT'S BILL OF COSTS**

The Reading Hospital and Medical Center ("TRHMC"), by and through its attorneys, Post & Schell, P.C., hereby submits its Response to Plaintiff Marilyn Malarkey's Objections to Defendant's Bill of Costs.

**I.     INTRODUCTION**

On or about November 19, 2010, the Honorable Judge Lawrence F. Stengel granted TRHMC's Motion for Summary Judgment and entered judgment in favor of the Defendant and against the Plaintiff. On December 20, 2010, TRHMC filed its Bill of Costs, along with an Itemization with supporting documentation with this Court. On January 4, 2011, Plaintiff filed her Objections to TRHMC's Bill of Costs.

Plaintiff has posed the following objections to TRHMC's Bill of Costs:

1. Videotape of Plaintiff's Deposition;
2. Transcript of Plaintiff's Deposition;
3. Photocopying;
4. Lexis Research;
5. Facsimile Costs; and
6. Postage Costs.

**II.    ARGUMENT**

Plaintiff asserts that "Rule 30(3)(a)" [sic] "permits the recording of depositions by 'audio, audiovideo or stenographic means.' The Rule specifically states '**or**' not 'and.'" (See Rec. Doc.

No. 36, hereinafter referred to as Objections to Costs, at p. 2).  Plaintiff further alleges, "FRCP 30(b)(3)(A), states that there may be only *one* [cost] for of [sic] recording."  (See Objections to Costs at p. 4) (emphasis in original).  However, Rule 30(b)(3)(B) of the Federal Rules of Civil Procedure also allows for additional methods of recording and a court may order such an expense to be placed upon either party.  Aside from Plaintiff's mischaracterization of the Federal Rules of Civil Procedure, Plaintiff provides no case law to support her argument.

Rather, she simply attempts to play on the sympathies of the court by writing, "regardless of the proof provided by Defendants in this case, it would constitute an enormous hardship on Plaintiff to impose over $2,500 in costs on Plaintiff . . . Plaintiff . . . has struggled since being terminated by Defendant."  Id.  Plaintiff conveniently omits the fact that TRHMC was granted summary judgment in part because Plaintiff suffered no adverse employment action by TRHMC and that she was offered a "myriad" of "other positions, both full and part time, in other units of [TRHMC] . . . ."  (See Judge's Memorandum at Rec. Doc. No. 32, p. 14.  Plaintiff is unemployed based solely upon her own "personal preferences," not because of any wrongdoing on the part of TRHMC.  Id. at 15.

Courts have provided for taxation of videotaped depositions in conjunction with taxation of transcription of the same depositions.  See e.g. Janssen Pharmaceutica N.V. v. Mylan Pharmaceuticals, Inc., 2007 U.S. Dist. LEXIS 20807 (D.C.N.J. 2007).  There is nothing in the rules governing bill of costs or in case law that prohibits taxation of both the transcript and the videotaping of Plaintiff's deposition.

Plaintiff next argues that the transcript cost should not be paid simply because TRHMC only attached a bill, not evidence that the bill was actually paid.  Again, Plaintiff cites no case law supporting her bald assertion.  TRHMC, through counsel, has attested to the payment of the

invoice of $854.10 by and through Post & Schell. As such, taxation of the transcription amount is appropriate.

Plaintiff objects to photocopies asserting, "Defendant cannot show that these copies were 'necessarily obtained' for use in this case. All photocopying costs were associated with copies necessary for the defense of Plaintiff's claim. "Generally, under 28 U.S.C. § 1920(4), courts have regarded costs incurred for production of documentary evidence as recoverable." Coleman v. Ameriprise Fin. Serv., Inc., 2009 U.S. Dist. LEXIS 90523, at 6 (E.D. Pa. 2009) quoting Second and Ashbourne Associates v. Cheltenham Twp., 1991 U.S. Dist. LEXIS 984, 1991 WL 9356, at 2 (E.D. Pa., filed Jan. 28, 1991) (addition citations omitted).

Plaintiff next objects to the legal research costs, equating such costs to attorney's fees and citing Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988). However, no where in Friedman does the court mention legal research costs.

Finally, Plaintiff objects to fax and postage costs. Such costs were expended for the defense of this case and as such are appropriate for taxation against Plaintiff.

### III. CONCLUSION

For all of the reasons set forth above, TRHMC respectfully requests that the Court allow its Bill of Costs and enter an order in favor of Defendant The Reading Hospital and Medical Center, and against Plaintiff Marilyn Malarkey for costs taxable in the amount of $2,547.20.

Respectfully submitted,

POST & SCHELL, P.C.

By: /s/VC2851
Vincent Candiello, Esquire
17 North Second Street, 12th Floor
Harrisburg, PA  17101
Telephone: (717) 731-1970
Facsimile:  (717) 731-1985
vcandiello@postschell.com

Dated: January 19, 2011                Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I, Vincent Candiello, hereby certify that a true and correct copy of the foregoing Memorandum in Support of Defendant's Motion for Summary Judgment has been served electronically this **19th day of January 2011** upon the following:

Edith A. Pearce, Attorney at Law<br>
The Pearce Law Firm<br>
eapearc@ThePearceLawFirm.com

                                      */s/ Vincent Candiello*
                                      Vincent Candiello